IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRISTINE POOLS, LLC, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HARTFORD FIRE INSURANCE )<br>COMPANY, *et al.*, )<br>)<br>Defendants. ) | 2:24-cv-00269-CB<br><br>Judge Cathy Bissoon |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

In this insurance coverage case, Defendants (collectively, "Hartford") owe no duty of defense in the state action against Plaintiffs ("the Insureds"). Summary judgment for Hartford is warranted.

The facts do not establish the existence of an "occurrence," as defined in the policies.[1] Hartford is correct that the four-corners rule applies. Sapa Extrusions, Inc. v. Liberty Mut. Ins. Co., 939 F.3d 243, 251-52 (3d Cir. 2019) (citations here, and later, omitted). The claims flow from allegations of faulty work/workmanship. The Court of Appeals for the Third Circuit has made clear that, in Pennsylvania, such claims do not qualify as an "occurrence." Specialty Surfaces Int'l, Inc. v. Cont'l Cas. Co., 609 F.3d 223, 239 (3d Cir. 2010); *accord* Sapa Extrusions, 939 F.3d at 256 (such allegations "do not amount to an 'occurrence'—that is, an unforeseeable, 'fortuitous event'"); Amer. Home Assurance Co. v. Superior Well Servs., Inc., 75 F.4th 184,

---

[1] An "Occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Doc. 1-2 at ECF-header pg. 81 of 227.

189-90 (3d Cir. 2023) ("'faulty workmanship' and 'failure to perform in a workman like manner'" did not qualify as an "occurrence" when the term was defined as "an 'accident'").

The Insureds argue the rule should not apply because some of the claims are for property damage beyond the contracted work. Doc. 30 at 4 (highlighting claims for "consequential damage" to "surrounding property"). This argument has been rejected in published, binding decisions. Sapa Extrusions, 939 F.3d at 256 ("any distinction between damage to the work product alone versus damage to other property is irrelevant"); *accord* Superior Well Services, 75 F.4th at 188, 190 (the same reasoning applied to a claim for "property damage caused by a failure to perform a contract in a workman like manner") (internal quotations omitted). It is made even clearer in a recent unpublished decision, which rejects arguments and case citations identical to the ones presented here. *See* Berkley Specialty Ins. Co. v. Masterforce Constr. Corp., 2023 WL 3378003, *2 (3d Cir. May 11, 2023) (the insured sought "to distinguish between damage to the agreed-upon contractual work product . . . and damage to other property," but, this was "a distinction without a difference"); *see also id.* at n.14 (rejecting invitation to find coverage under Indalex and Pottstown,[2] given "the absence of any decision from the Pennsylvania Supreme Court" in support).

In terms of persuasive authority, none could be stronger than Berkley Specialty. The Court need not rely on it alone, however, as binding authority abounds. Regarding Indalex, the policy definition of "occurrence" contained "subjective language" allowing a broader interpretation. Sapa Extrusions, 939 F.3d at 258 & n.9. The Circuit Court found the distinction to be material, and so too must this Court.

---

[2] Indalex Inc. v. Nat'l Union Fire Ins. Co. of Pgh., 83 A.3d 418 (Pa. Super. 2013); Pa. Mfr. Indem. Co. v. Pottstown Indus. Complex LP, 215 A.3d 1010 (Pa. Super. 2019).

The Superior Court of Pennsylvania's decision in Pottstown predated the binding Circuit Court decisions in Sapa Extrusions and Superior Well. To the extent they conflict, this Court is bound by the latter. Of course, reliance on Pottstown fails for the same reason stated in Berkley Specialty, at footnote 14. *See* discussion *supra*, quoting the same. The case also is plainly distinguishable on its facts. *See* Pottstown, 215 A.3d at 1017 (covered damage was "caused by a distinct event, flooding").

The expansion in Pottstown was made under the auspices of an intervening cause (flooding). For this reason – the Pottstown Court opined – its decision did not offend the underlying rationale for the majority rule: that "occurrence" should not be interpreted so broadly as to convert a standard CGL policy into a performance bond. *Id.* at 1017. Here, the Insureds can offer no basis for distinction.

Hartford owes no duty of defense, and the Court enters the following:

## II.  ORDER

Plaintiffs' Motion for Summary Judgment (Doc. 23) is **DENIED**, and Defendants' Motion for Summary Judgment (Doc. 19) is **GRANTED**. The Court will enter judgment pursuant to Fed. R. Civ. P. 58, and the case will be marked closed.

IT IS SO ORDERED.

March 11, 2025                                                          s/Cathy Bissoon
                                                                             Cathy Bissoon
                                                                             United States District Judge

cc (via ECF email notification):

All Counsel of Record